**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**UNITED STATES OF AMERICA**

      **vs.**                                          **2:23-cr-037**
                                             **JUDGE MICHAEL H. WATSON**

**MOHAMED DIAKITE**


### REPORT AND RECOMMENDATION


      Defendant Mohamed Diakite previously pleaded not guilty to an
*Indictment* charging him with conspiracy to commit wire fraud in
violation of 18 U.S.C. § 1349 (Count 1), uttering stolen treasury
checks in violation of 18 U.S.C. §§ 510(a)(2), 2(a) (Count 11), and
three counts of theft of government property in violation of 18 U.S.C.
§§ 641, 2(a) (Counts 12, 13, and 14). *Indictment*, ECF No. 10. The
*Indictment* also contains a forfeiture provision. *Id*. The United States
and defendant thereafter entered into a *Plea Agreement*, ECF No. 73,[1]
executed pursuant to the provisions of Rule 11(c)(1)(B) of the Federal
Rules of Criminal Procedure, whereby defendant agreed to enter a plea
of guilty to Count 1. On May 24, 2023, and assisted by his counsel,
defendant personally appeared for a change of plea proceeding.

      Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a
guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25
Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty
plea with the express consent of the defendant and where no objection
to the report and recommendation is filed).

      During the plea proceeding, the undersigned observed the
appearance and responsiveness of defendant in answering questions.
Based on that observation, the undersigned is satisfied that, at the

---

[1] The *Plea Agreement* contains an appellate waiver that preserves only
certain claims for appeal, collateral challenge, and motion for reduction of
sentence. In the *Plea Agreement,* defendant agreed to the forfeiture provision
in the *Indictment* and agreed to a restitution obligation. Although the *Plea
Agreement* also contains an immigration provision, defendant testified that he
was born in the United States.

1

time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Indictment* and the consequences of his plea of guilty to Count 1.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.  Defendant acknowledged that the *Plea Agreement* signed by him, his attorney, and the attorney for the United States and filed on April 26, 2023, represents the only promises made by anyone regarding the charges in the *Indictment*. Defendant was advised that the District Judge may accept or reject the *Plea Agreement* and that all sentencing terms will be determined by the District Judge. Defendant was further advised that, even if the District Judge refuses to accept any provision of the *Plea Agreement* not binding on the Court, or if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*.  He confirmed that he is pleading guilty to Count 1 of the *Indictment* because he is in fact guilty of that offense.  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

2

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted.  Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a forfeiture of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).


May 24, 2023                                    _s/  Norah McCann King_
 Date                                          Norah McCann King
                                          United States Magistrate Judge



3